# **EXHIBIT B**

Electronically Filed 2/25/2020 8:27 AM
Stacey Kemp County Clerk
Collin County, Texas
By: Dianna Shine, Deputy
Envelope ID: 40201158

CAUSE NO. 002-00223-2020 _____

| | | |
|---|---|---|
| **JEFF MINUCCI** | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | AT LAW \_\_\_ |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JEFF MINUCCI, and files this, Plaintiff's Original Petition, against ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and for causes of action would respectfully show the court as follows:

### I.   PRELIMINARY INFORMATION AND DEFINITIONS

| | |
|---|---|
| Insured: | Jeff Minucci ("Plaintiff") |
| Policy Number: | 0008160958901 ("Policy") |
| Claim Number: | 0451493258 ("Claim" or "Claim Number") |
| Date of Loss: | March 26, 2017 ("Date of Loss") |
| Insured Property: | 1104 Old Bridge Court<br>McKinney, Texas, 75070<br>("Insured Property") |
| Insurer: | Allstate Fire and Casualty Insurance Company ("Defendant") |
| Defendant's Registered Agent: | CT Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, Texas 75201<br>("Defendant's Registered Agent") |

## II. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level II, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## III. PARTIES

Plaintiff is an individual who resides in Texas.

Defendant is a domestic company registered to engage in the business of insurance in the State of Texas. Defendant may be served with process by in person or certified mail, return receipt requested, by serving Defendant's Registered Agent.

## IV. JURISDICTION

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $100,000.00, but no more than $200,000.00.

The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the causes of action arise out of Defendant's business activities in the State of Texas.

## V. VENUE

Venue is proper in Collin County, Texas because the Insured Property is situated in Collin County, Texas and/or the contract was signed in Collin County, Texas.[1]

## VI. FACTS

Plaintiff is the owner of the Policy issued by Defendant. Plaintiff and his wife own the Insured Property.

Defendant sold the Policy, insuring the property that is the subject of this lawsuit to Plaintiff. Plaintiff suffered a significant loss with respect to the Insured Property.

Plaintiff submitted the Claim to Defendant with Date of Loss for storm damage to the

---

[1] TEX. CIV. PRAC. & REM. CODE. § 15.032.

Insured Property.

Defendant assigned the Claim Number to Plaintiff's Claim.

Defendant failed to properly adjust the Claim and/or failed to timely pay the Claim with obvious knowledge and evidence of serious cosmetic and structural damage. Defendant's conduct constitutes violations of the Texas Insurance Code. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes violations of the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act.*[2]

Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations as to why adequate payment was not being made. Furthermore, Defendant has only paid $12,871.05 as of the date of filing and has not communicated that any payments would be forthcoming to pay for the losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim. Defendant's conduct constitutes violations of the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act.*[3]

Defendant refused to adequately compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant performed an investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Insured Property. Plaintiff retained Alliance Construction Services, LLC ("Alliance") to provide a repair estimate to the affected loss location. Following Alliance's inspection of the property, Plaintiff learned that Allstate's estimate was grossly undervalued. Specifically, Alliance estimated it would cost $39,589.57 to repair the damaged property. On the other hand, Allstate estimated it would cost $17,317.24 to repair the same damaged property.

---

[2] TEX. INS. CODE § 541.060(2).
[3] TEX. INS. CODE § 541.060(3).

Allstate grossly and in bad faith undervalued the damage to the property by over $20,000.00. Defendant's conduct constitutes violations of the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act.*[4]

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of the Claim without delay. Specifically, Defendant has delayed payment of Plaintiff's Claim longer than allowed and, to date, Plaintiff has not yet received full payment for the Claim. Defendant's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.*[5]

From and after the time Plaintiff's Claim was presented to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to adequately pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this matter.

## VII. CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

Defendant's conduct, as described in this Petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff. Defendant's failure and refusal, as described above, to pay the compensation as obligated to do so under the terms of the Policy in question, and under the laws of the State of Texas, constitutes material breach of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages,

---

[4] TEX. INS. CODE § 541.060(7).
[5] TEX. INS. CODE §§ 542.051-542.061.

consequential damages and reasonable and necessary attorneys' fees for such violations of the Texas Insurance Code.

Defendant's conduct constitutes multiple violations of the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act*.[6] All violations set forth are made actionable by TEX. INS. CODE § 541.151.

    a. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance[7];

    b. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance[8];

    c. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance[9]; and/or

    d. Defendant's unfair settlement practice, as described above, of refusing to pay the Claim without conducting a reasonable investigation, constitutes an unfair method

---

[6] TEX. INS. CODE, Chapter 541.
[7] TEX. INS. CODE §§ 541.051, 541.060-541.061.
[8] *Id.*
[9] *Id.*

of competition and an unfair and deceptive act or practice in the business of insurance.[10]

Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*.[11] All violations set forth are made actionable by TEX. INS. CODE § 542.060.

  a. Defendant's failure, as described above, to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim and request from Plaintiff all items, statements and forms reasonably required within the applicable time constraints, constitutes a non-payment of the Claim.[12]

  b. Defendant's delay of payment of Plaintiff's Claim, as described above, following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the Claim.[13]

**COUNT TWO: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in accordance with Plaintiff's insurance contract.

Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the common law duty of good faith and fair dealing.

---

[10] TEX. INS. CODE §§ 541.051, 541.060-541.061; Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act."
[11] TEX. INS. CODE, Chapter 542.
[12] TEX. INS. CODE §§ 542.055-542.060.
[13] *Id.*

## COUNT THREE: BREACH OF FIDUCIARY DUTY

Defendant agreed to act as a fiduciary for Plaintiff under the insurance contract. Defendant breached its fiduciary duty by failure to act in Plaintiff's best interests.

## COUNT FOUR: TEXAS PROMPT PAYMENT OF CLAIMS ACT

Defendant's conduct, as described above, constitutes multiple violations of the *Texas Prompt Payment of Claims Act*.

As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the Claim and the insurer has failed to comply with the requirements of the *Texas Prompt Payment of Claims Act*.[14]

As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of the Claim:

- Acknowledge the Claim. Defendant failed to acknowledge receipt of the Claim, including separate claims arising from the same incident[15];

- Record the acknowledgement. Defendant failed to make a record of the date, manner and content of the acknowledgement[16];

- Commence the investigation. Defendant failed to commence a reasonable investigation of the Claim[17]; and/or

- Request information from Plaintiff. Defendant failed to request from the Plaintiff all items, statements and forms reasonably required from Plaintiff.[18]

As described above, Defendant failed to perform one or more of the following duties

---

[14] TEX. INS. CODE §§ 542.051-542.061.
[15] TEX. INS. CODE § 542.055(a)(1).
[16] TEX. INS. CODE § 542.055(c).
[17] TEX. INS. CODE § 542.055(a)(2).
[18] TEX. INS. CODE § 542.055(a)(3).

after Defendant received all items, statements and forms reasonably required from Plaintiff:

- Accept or reject the Claim. Defendant failed to notify Plaintiff by the 15th business day that Defendant either accepted or rejected the Claim[19];
- State reasons for any rejection. Defendant failed to notify Plaintiff of any reasons for denying such Claim[20];
- Ask for more time and reasons why. Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time[21];
- Pay the Claim after accepting. Defendant failed to pay the Claim within five business days (20th business day if Defendant is a surplus lines insurer)[22];
- Pay the Claim after Plaintiff performs any condition. If Defendant sought a condition on Plaintiff, it did not pay such Claim within five business days (20th business day if Defendant is a surplus lines insurer) after such condition was satisfied[23]; and/or
- Pay the Claim within 60 days after receipt of information. Defendant failed to pay the Claim within 60 days after receiving the items requested from Plaintiff.[24]

## COUNT FIVE: TEXAS UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES ACT

Defendant's conduct, as described above, constitutes multiple violations of the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act*.

Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff:

---

[19] TEX. INS. CODE § 542.056(d).
[20] TEX. INS. CODE § 542.056(c).
[21] TEX. INS. CODE § 542.056(d).
[22] TEX. INS. CODE § 542.057(a),(c).
[23] TEX. INS. CODE § 542.057(b),(c).
[24] TEX. INS. CODE § 542.058(a).

- Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue[25];

- Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of:

    - The Claim with respect to which Defendant's liability had become reasonably clear[26]; or

    - A claim under one portion of the Policy with respect to which Defendant's liability had become reasonably clear in order to influence Plaintiff to settle another claim under another portion of the coverage, unless payment under one portion of the coverage constituted evidence of liability under another portion[27];

- Failing to provide promptly to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the Claim or for the offer of a compromise settlement of the Claim[28];

- Failing within a reasonable time to:

    - Affirm or deny coverage of the Claim to Plaintiff[29];

    - Submit a reservation of rights to Plaintiff[30];

- Refusing, failing or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in

---

[25] TEX. INS. CODE § 541.060(1).
[26] TEX. INS. CODE § 541.060(2)(A).
[27] TEX. INS. CODE § 541.060(2)(B).
[28] TEX. INS. CODE § 541.060(3).
[29] TEX. INS. CODE § 541.060(4)(A).
[30] TEX. INS. CODE § 541.060(4)(B).

the Policy[31];

- Undertaking to enforce a full and final release of the Claim from Plaintiff when only a partial payment had been made, unless the payment was a compromise settlement of a doubtful or disputed claim[32]; and/or

- Refusing to pay the Claim without conducting a reasonable investigation with respect to the Claim.[33]

Further, Defendant engaged in one or more of the following settlement practices, in violation of the *Texas Unfair Claim Settlement Practices Act*, with respect to the Claim made by Plaintiff:

- Misrepresentations and false advertising of policy contracts;
- False information and advertising generally;
- Deceptive names, words, symbols, devises and slogans; and/or
- Misrepresentation of the insurance policies.[34]

Defendant engaged in one or more of the following settlement practices with respect to the Claim made by Plaintiff:

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
- Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;
- Making a material misstatement of law; and/or

---

[31] TEX. INS. CODE § 541.060(5).
[32] TEX. INS. CODE § 541.060(6).
[33] TEX. INS. CODE § 541.060(7).
[34] TEX. INS. CODE §§ 541.051-541.052, 541.059-541.060, 542.001.

- Failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with another provision of the Texas Insurance Code.[35]

## VIII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

a. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the Policy benefits withheld, together with consequential damages and attorneys' fees.

b. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.[36]

c. For noncompliance with the *Texas Prompt Payment of Claims Act,* which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of his Claim, as well as eighteen (18) percent interest on the total amount of the Claim per annum post-judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.[37]

d. For noncompliance with the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, including but not limited to, direct and indirect consequential damages, mental anguish, court costs and mandatory attorneys' fees.[38] For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.[39]

e. Plaintiff seeks attorneys' fees at a contingent rate of $250.00 an hour. Attorneys' fees are awarded to a party as part of the damages owed by an insurance company that violates

---

[35] TEX. INS. CODE § 541.061.
[36] *See Lee v. Safemate Life Ins. Co.,* 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).
[37] *See Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty,* No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "1= P R T," where "1" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer. Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.,* 106 S.W.3d 174, 183-84 (Tex. App.—Amarillo 2003, pet. denied); *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.
[38] *See Rosenblatt v. Freedom Life Ins. Co. of Am.,* 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
[39] *See* TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorneys' fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

      f.      Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme and/or design calculated to deny insurance benefits to policyholders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## IX. ATTORNEYS' FEES

Request is made for all costs and reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; (c) Section 37.009 of the Texas Civil Practice and Remedies Code; and (d) common law.

## X. JURY DEMAND

Plaintiff hereby requests a trial by jury of all issues of fact in this case and has tendered the jury fee.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of this case, judgment be entered for Plaintiff against Defendant for actual damages requested above in an amount in excess of the minimum jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, attorneys' fees, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

**ADKERSON, HAUDER & BEZNEY, P.C.**

By: /s/ Amanda L. Schwartz
Paul A. Bezney
State Bar No. 00787077
Amanda L. Schwartz
State Bar No. 24044548
1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201
Telephone: 214/740-2500
Facsimile: 214/740-2544
E-mail: bezney@ahblaw.net (e-file only)
amanda@ahblaw.net

**ATTORNEYS FOR PLAINTIFF**